# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **Yabrisha Little,** | ) | |
| | ) | |
| *Pro se* **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 7:24-cv-00421-LSC |
| | ) | |
| **Captain D's, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Plaintiff's First Motion to Amend the Original Complaint, Request for Production of Documents and Things, Request for Interrogatories, and Request for Written Admissions. (Doc. 9.) In the Amended Complaint, which was separately filed, Plaintiff asserts claims for wantonness, assault, and outrage against Defendant Captain D's LLC ("Captain D's"). (Doc. 10.) She failed to include her previous claims for negligence, sexual harassment, and retaliation against Captain D's (Doc. 1-2), and thus, as the Court explained in its previous order, the Court assumes that Plaintiff has abandoned these claims (Doc. 14). Captain D's has filed an answer to the Amended Complaint. (Doc. 15.)

In the Amended Complaint, Plaintiff also describes "actions of sexual torture and distribution of a private image with intent to harass, threaten, coerce, or intimidate . . . against John Doe(s) and Jane(s)," whom she refers to as "third-party

1

defendants." (Doc. 10 at 1.) In fact, most of Plaintiff's allegations center on the conduct of these "third-party defendants." She later clarifies that John Doe(s) and Jane Doe(s) are ten individuals, though she is currently being targeted by "thousands" of other individuals (*Id.* ¶ 11), four of whom "continue to induce [her] into a hypnotic state and forcibly compel her to commit various actions" and are distributing sexual content depicting her. (*Id.* ¶¶ 16, 29.) According to Plaintiff, these four individuals "induce the hypnosis while standing outside the window of her home at lease five times a day." (*Id.* ¶ 18.) They also "electronically distribute sexual content that displays images and audio of [Plaintiff] from ages six to thirty." (*Id.* ¶ 29.) Plaintiff more specifically identifies these four specific individuals as "an African American woman" (*Id.* ¶ 23); James, an African American male around the age of 55 who was a bus driver for the Tuscaloosa School District in 2007 and drove a route for Tuscaloosa Middle School students (*Id.* ¶ 20); Jerome, an African American male around the age of 55 whose last employer was the Tuscaloosa Police Department (*Id.* ¶ 21); and Dan, a white man around the age of 50 who taught at Central High School in 2011 (*Id.* ¶ 22).

Plaintiff has clarified that she does not intend to seek legal action against these "third-party defendants" at this time. (*Id.* ¶¶ 3,4.) Accordingly, these "third-party

defendants" are not defendants in this action.[1] The Court therefore only evaluates the claims asserted against Captain D's.

When a Plaintiff proceeds in forma pauperis, as Plaintiff does in this case (Doc. 6-2 at 29), the Court is required to dismiss "at any time" if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; (iii) or seeks monetary relief against a defendant who is immune from such relief." 29 U.S.C. § 1915. A claim is considered frivolous if it "lacks an arguable basis either in law or fact," such that it "describe[es] fantastic or delusional scenarios." *Neitzke v. Willaims*, 490 U.S. 319, 325, 328 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

In the Amended Complaint, Plaintiff describes a variety of alleged misconduct by Captain D's employees occurring during the week and a half she worked there, such as: "unwillingness to adequately train her" (Doc. 10 ¶ 44) and "us[ing] poor training and dishonest customer complaints with the intention of forcing [her] to resign" (*Id.* ¶ 45); participating in hypnotic schemes with the "third-party defendants" to "disconnect[]" her vision and hearing (*Id.* ¶¶ 46–78), such as by "allowing the third-party Defendants to use a speaker on their cellphones to

---

[1] Even if Plaintiff did intend to assert claims against these third parties, "[a]s a general matter, fictious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a "limited exception to this when rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). However, Plaintiff's description of these third parties would not fall into that exception.

3

administer audio induced hypnosis and the hypnotic commands" (*Id.* ¶ 59) and speaking words at a loud volume "in alternating form" (*Id.* ¶ 76); witnessing and asking for sexually explicit photos and videos of Plaintiff, which were transferred by the "third-party defendants" (*Id.* ¶¶ 79–88); making sexually harassing remarks (*Id.* ¶¶ 91–93); and creating a hostile work environment (*Id.* ¶ 100).

In evaluating Plaintiff's Amended Complaint, the Court first finds that Plaintiff has not stated a claim for assault. Assault is the "intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." *Western Union Tel. Co. v. Hill*, 150 So. 709, 710 (Ala. Civ. App. 1933). While Plaintiff states that at one point Captain D's employees "crowd[ed] her space" (*Id.* ¶ 52) and that one Captain D's employee told her "[y]ou need to f--- me" (*Id.* ¶ 91), Plaintiff does not provide any further factual detail to indicate that she feared contact was imminent or attempted. No other allegations in Plaintiff's Amended Complaint even suggest assault.

The Court now turns to Plaintiff's claims for wantonness and outrage. In a wantonness claim, "the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty[,] . . . proximately caus[ing] the injury of which the

plaintiff complains." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994) (citations omitted). "Wantonness may arise [when one has] knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on disaster." *Kilcrease v. Harris*, 259 So. 2d 797, 801–02 (Ala. 1972). The tort of outrage requires "extreme and outrageous conduct intentionally or recklessly caus[ing] severe emotional distress" that is "so severe that no reasonable person would be expected to endure it." *American Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980). To the extent Plaintiff asserts claims of wantonness and outrage premised on the Captain D's employees alleged schemes with "third-party defendants" to hypnotize her, the Court finds those allegations to be the type of "fantastic" and "delusional" allegations that are properly deemed factually frivolous. Filtering out those allegations, what remains are allegations regarding Captain D's employees' failure to train Plaintiff, sexually harassing remarks made towards Plaintiff, and allegations suggesting a hostile work environment, such as allegations regarding the employees, while at work, playing pornographic content depicting Plaintiff. These allegations do not give rise to a wantonness claim. The Court is not prepared however to find that these allegations do not state a claim for outrage.

Accordingly, Plaintiff's Motion to Amend is granted to the extent Plaintiff asserts an outrage claim against Captain D's. (Doc. 9.) The parties are directed to proceed as scheduled.

**DONE** and **ORDERED** on June 12, 2024.

L. Scott Coogler
United States District Judge

215755